# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SCATURRO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-1490-SMY |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This action was dismissed with prejudice for failure to prosecute after this Court adopted Magistrate Judge Reona J. Daly's Report and Recommendation on August 21, 2019 (Doc. 52). Dismissal was triggered by Plaintiff Robert Scaturro's failure to comply with Judge Daly's April 17, 2019 Order that he either file a notice that he was proceeding *pro se* or have an attorney enter an appearance (Doc. 46), failure to appear at a June 10, 2019 telephonic status conference (Doc. 50), failure to respond to Judge Daly's Order to Sow Cause (Doc. 51), and failure to object to the Report and Recommendation (Doc. 52). Now pending before the Court are Scaturro's Motions for Voluntarily Dismissal Without Prejudice (Docs. 58 and 59), to which Defendant Nationwide Mutual Insurance Company's responded (Doc. 60).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Here, Plaintiff's motion was filed within 28 days of the entry of the August 21, 2019 Judgment. Therefore, the Court will analyze it consistent with the standards set forth in Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Relief pursuant to Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "Manifest error" is not demonstrated merely by the disappointment of the losing party. *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

Scaturro seeks to amend the judgment so that dismissal is without prejudice. He states that he has been ill with congestive heart failure and that it is hard for him to get out of bed. A Rule 59(e) motion can be used to justify unexplained absences or failure to follow the orders of the Court. *See McInnis v. Duncan*, 697 F.3d 661 664-5 (7th Cir, 2012). The necessity of medical treatment can provide such justification, so long as it is supported by competent evidence. *See Moffitt v. Ill. State Bd. Of Educ.*, 236 F.3d 868, 874-6 (7th Cir. 2001) (explaining that a detailed showing of medical treatment is necessary to justify a delay in trial). Scaturro offers only the briefest explanation of his medical condition and provides no records in support. Nor does he explain how his condition prevented him from attending a telephone conference or responding to the Court's numerous Orders. Moreover, there is no apparent reason why he could not bring his medical condition to the Court's attention before judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Accordingly, the Motions for Voluntary Dismissal Without Prejudice (Docs. 58 and 59) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 16, 2020**

**STACI M. YANDLE
United States District Judge**